JOHANN KERP

*v.*

WILLIAM FUCHS.

FEES AND SALARIES — *duties of clerks — and fees for entering suits for trial.* The statute makes it the duty of the clerks of the Circuit Courts to prepare and keep a docket of all causes pending in their respective courts, in which shall be entered the names of the parties, the cause of action, and name of the plaintiff's attorney; and to furnish the judge and the bar, at each term, with a copy of the same; and provides, that for this labor the clerk shall be entitled to a fee of ten cents for entering each suit on the docket for trial. The Circuit Court overruled a motion to retax a bill of costs, charging ten cents each for entering a cause on the docket of the judge, the bar, and the clerk — *held,* that only one charge of ten cents can be made for docketing each cause on the trial docket, and that no charge can be made for entering a cause on the copies for the judge and the bar.

APPEAL from the Circuit Court of Bureau county; the Hon. G. S. ELDRIDGE, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Mr. G. G. GIBONS, for the appellant.

Mr. GEORGE O. IDE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question presented by this record is, whether the clerk has the right to charge ten cents each, for entering a cause on the docket of the judge, the clerk, and the bar, or is only entitled to ten cents for making all three entries. It is declared, by the 7th section of the chapter entitled, "Fees and salaries" (Scates' Comp. 510), that the clerk of the Circuit Court shall receive "for entering each suit on the docket for trial, ten cents." And the 9th section of the chapter entitled "Practice" (Scates' Comp. 265), declares, that the "clerks of the Circuit Courts shall keep a docket of all causes pending in their respective courts, in which shall be entered the names of the parties, the cause of action, and the name of the plaintiff's attorney; and he shall furnish the judge and the bar, at each term, with a copy of the same."

By these provisions, the charge can only be made for docketing the cause for trial. Any other docketing is not embraced in the enactment. And the charge is only allowed for entering it on the docket, and not for entering it on the copy. There is but one docket and the others are copies of that one, and the fee is allowed for making the entry thereon as required. If it had been intended, that a fee should be allowed for any other entry than that on the docket, the language would have embraced each entry on the docket and on the copies. It would not have been limited to the entry on the docket. The law requires that the two copies shall be made, but has failed to provide a compensation for it, unless it is embraced in the annual allowance to the clerks for extra services like the present. We, therefore, think the court below erred in refusing to retax the bill of costs, as the clerk should have been allowed for docketing the case but once, instead of three times. The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*